IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01603-BNB-MJW

BRIAN L. BROWN,

Petitioner,

v.

H.A. RIOS, Warden,

Respondent.

___

**ORDER**
___

This matter is before me on **Former Plaintiff's Motion to Reopen Writ of Habeas Corpus . . . Pursuant to F.R.Civ.P. 60(b)** [Doc. #70, filed 02/04/2013] (the "Motion to Reopen"). The Motion to Reopen is DENIED.

On December 7, 2005, Brian Brown (the "petitioner") filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody [Doc. #17] (the "Application"). The Application alleged that a prison disciplinary proceeding was held on September 14, 2004, and the petitioner was found guilty of Code #307, Refusing an Order, and Code #103, Setting a Fire. The petitioner argued that the prison disciplinary proceeding violated his due process rights.

On April 4, 2006, I denied the Application [Doc. #53]. Judgment entered in favor of the respondent on April 5, 2006 [Doc. #54]. The Tenth Circuit Court of Appeals affirmed my order denying habeas relief on November 13, 2006 [Doc. #68]. The petitioner now seeks to reopen the case pursuant to Rule 60(b), Fed. R. Civ. P.

Rule 60(b) provides that on motion and upon such terms are just, the court may relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied , released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 60(b)(6) "gives the court a grand reservoir of equitable power to do justice in a particular case." In re Gledhill, 76 F.3d 1070, 1080 (10th Cir.1996) (quoting Pierce v. Cook & Co., 518 F.2d 720, 722 (10th Cir.1975)).  However, a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice. Cashner v. Freedom Stores, Inc., 98 F.3d 572, 579 (10th Cir. 1996).

The petitioner states that  the regulation in effect when he was convicted of setting a fire defined fire setting as "greatest" in severity.  As a result of being convicted under the "greatest" category, the petitioner was transferred to the United States Penitentiary in Florence, Colorado, and he is unable to transfer to a lower security level for ten years.  The petitioner states that the regulation was amended in June 2011.  Under the new regulation, 28 C.F.R. § 541.3, convictions for setting a fire must be proven with a greater intent, or a lesser code is to be applied.  The

petitioner seeks leave to "reopen" his case because insufficient evidence exists to find him guilty under the new regulation.

The petitioner's assumption that section 541.3 may be applied retroactively is not supported by the law.  Generally, an administrative regulation may not "be construed to operate retrospectively unless the legislative intention to that effect unequivocally appears."  Miller v. United States, 294 U.S. 435, 439, 442 (1935); DeVargas v. Mason & Hanger-Silas Mason Co., Inc., 911 F.2d 1377, 1391 (10th Cir. 1990); Nash v. Apfel, 215 F.3d 1337, 2000 WL 710491 (10th Cir. June 1, 2000).   Section 541.3 does not contain any language to support a retroactive application.  Accordingly,

IT IS ORDERED that the petitioner's Motion to Reopen [Doc. #70] is DENIED.

Dated February 19, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge