IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01603-BNB-MJW

BRIAN L. BROWN,

Petitioner,

v.

H.A. RIOS, Warden,

Respondent.
_____

**ORDER**
_____

This matter is before me on the petitioner's **Objections and Motion to Reconsider Motion for Court Approved Formatted Forms or Notice of Appeal** [Doc. #81, filed 09/17/2013] (the "Motion"). The Motion is DENIED.

On December 7, 2005, Brian Brown (the "petitioner") filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody [Doc. #17] (the "Application"). The Application alleged that a prison disciplinary proceeding was held on September 14, 2004, and the petitioner was found guilty of Code #307, Refusing an Order, and Code #103, Setting a Fire. The petitioner argued that the prison disciplinary proceeding violated his due process rights.

On April 4, 2006, I denied the Application [Doc. #53]. Judgment entered in favor of the respondent on April 5, 2006 [Doc. #54]. The Tenth Circuit Court of Appeals affirmed my order denying habeas relief on November 13, 2006 [Doc. #68]. On February 4, 2013, the petitioner

filed a motion to reopen the case [Doc. #70] pursuant to Rule 60(b), Fed. R. Civ. P.  In denying the motion [Doc. #72], I stated:

> Rule 60(b) provides that on motion and upon such terms are just, the court may relieve a party from a final judgment for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied , released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.
>
> Rule 60(b)(6) "gives the court a grand reservoir of equitable power to do justice in a particular case."  In re Gledhill, 76 F.3d 1070, 1080 (10th Cir.1996) (quoting Pierce v. Cook & Co., 518 F.2d 720, 722 (10th Cir.1975)).  However, a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice. Cashner v. Freedom Stores, Inc., 98 F.3d 572, 579 (10th Cir. 1996).
>
> The petitioner states that the regulation in effect when he was convicted of setting a fire defined fire setting as "greatest" in severity.  As a result of being convicted under the "greatest" category, the petitioner was transferred to the United States Penitentiary in Florence, Colorado, and he is unable to transfer to a lower security level for ten years.  The petitioner states that the regulation was amended in June 2011.  Under the new regulation, 28 C.F.R. § 541.3, convictions for setting a fire must be proven

2

>with a greater intent, or a lesser code is to be applied. The petitioner seeks leave to "reopen" his case because insufficient evidence exists to find him guilty under the new regulation.
>
>The petitioner's assumption that section 541.3 may be applied retroactively is not supported by the law. Generally, an administrative regulation may not "be construed to operate retrospectively unless the legislative intention to that effect unequivocally appears." Miller v. United States, 294 U.S. 435, 439, 442 (1935); DeVargas v. Mason & Hanger-Silas Mason Co., Inc., 911 F.2d 1377, 1391 (10th Cir. 1990); Nash v. Apfel, 215 F.3d 1337, 2000 WL 710491 (10th Cir. June 1, 2000). Section 541.3 does not contain any language to support a retroactive application.

The petitioner's current Motion is garbled and obtuse. The petitioner states that he "moves thies Court to take notice of Objections, Order the clerk to send the Court approved forms, for appeal, and reverse the decision of the Magistrate, or deny, and allow, appeal, and any other relief that this court deems just."[1] *Motion*, p. 4. He further states that he "move this Court under law and fact, and under the proper vehicle of Rule 60 (b) of the Federal Rules of Civil Procedure part (b) and (6), to re-open the case, and Grant Writ of Habeas Corpus, to release Unconstitutional Burden, of Judgement, with merit, previously not found . . . ." Id. at p. 1.

The petitioner does not provide any basis to reopen the case under Rule 60(b), and the case will not be re-opened. Insofar as the Motion contains objections to my order [Doc. #72] denying the petitioner's first motion to reopen the case, I construe the objections as a motion to reconsider the order.

The bases for granting reconsideration are extremely limited:

>Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence

---

[1] I have quoted the petitioner's Motion as written, without correction or acknowledgment of error.

3

>previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

The petitioner does not establish any of these bases for reconsideration of my order. Moreover, the petitioner's Motion reiterates arguments already made and advances arguments that could have been raised previously.

Finally, insofar as the petitioner seeks to appeal my order to the Tenth Circuit Court of Appeals, it fails to meet the requirements of the Federal Rules of Appellate Procedure, including Rule 3 which requires that an appeal be timely and that it "designate the judgment, order, or part thereof being appealed; and name the court to which the appeal is taken."

IT IS ORDERED:

(1) The Motion [Doc. #81] is DENIED;

((2) The petitioner shall cease filing papers in this case; and

(3) Any future papers filed by the petitioner in this case will be stricken without further notice.

Dated September 26, 2013.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge